**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 14-cv-01675-CMA-CBS

NAUTILUS INSURANCE COMPANY,

    Plaintiff,

v.

VOSS ENTERPRISES, INC.,
ROY URBAN VOSS,
MAURICE BLANKINSHIP, and
ANGELA BLANKINSHIP,

    Defendants.

---

## ORDER GRANTING DEFAULT JUDGMENT

---

This matter is before the Court on Plaintiff Nautilus Insurance Company's Motion for Default Judgment Against Defendants Voss Enterprises, Inc. and Roy Urban Voss[1] (Doc. # 23.)  For the reasons stated below and good cause appearing, the Motion for Default Judgment is granted and judgment is entered against Defendants Voss Enterprises, Inc. and Roy Urban Voss.

### I.  **FINDINGS OF FACT**

On June 16, 2014, Plaintiff commenced this action for declaratory relief, seeking a judicial declaration that it was neither obligated to defend nor to indemnify its insureds,

---

[1] The Court notes that ordinarily it would not enter default judgment against two of four defendants.  However, Plaintiff and Defendants Maurice and Angela Blankinship have filed a Stipulated Confession of Judgment and Dismissal of Action. (Doc. # 22.)  Accordingly, it is appropriate to enter default judgment here.

Voss Enterprises, Inc. and Roy Urban Voss, in connection with a state lawsuit filed in Fremont County, Colorado against Voss Enterprises, Inc., Roy Urban Voss, and Michael Lee Koonce, Jr. ("the Underlying Litigation").[2] Maurice and Angela Blankinship sought damages as a result of a physical assault that occurred at the Boomerang Bar located in Cañon City, Colorado.

1. **The Insurance Claim**

Voss Enterprises, Inc., and its principal, Roy Urban Voss, owned and operated the Boomerang Bar. On February 23, 2012, Defendant Maurice Blankinship was a patron at the Boomerang Bar, as was an individual later identified as Michael Lee Koonce, Jr. At approximately 1:15 a.m., Maurice Blankinship was physically assaulted and/or battered by Koonce, Jr. and, upon information and belief, sustained certain personal injuries and damages as a result of the assault and/or battery. Following the assault and/or battery, Michael Lee Koonce, Jr. was arrested and pled guilty to Assault causing serious bodily injury in violation of C.R.S. § 18-3-203(1)(g), a Class 4 felony, for which he was sentenced to a term of not less than two (2) years in the Colorado Department of Corrections.

On or about November 29, 2012, Defendants Maurice Blankinship and Angela Blankinship filed a Complaint against Voss Enterprises, Inc., d/b/a The Boomerang Bar, Michael Lee Koonce, Jr., and Roy Urban Voss, case no. 12CV235, in the District Court

---

[2] This lawsuit was encaptioned *Maurice Blankinship and Angela Blankinship v. Voss Enterprises, Inc., d/b/a The Boomerang Bar, Michael Lee Koonce, Jr., and Roy Urban Voss*, case no.12CV235.

of Colorado, Fremont County, seeking damages as a result of the assault and/or battery that occurred on February 23, 2012 at The Boomerang Bar.

In the Complaint filed in the Underlying Litigation, Defendants Maurice Blankinship and Angela Blankinship alleged, *inter alia*:

- That on the night of the February 23, 2012 incident, "Defendant Koonce displayed obnoxious, inappropriate and/or disruptive behavior toward other patrons of the establishment." (Doc. # 1-2, ¶ 22.)
- That "as the Boomerang Bar was closing its business for the evening, Plaintiff Dennis Blankinship, while in the process of exiting the establishment was standing near and holding the exterior door of the establishment open to allow other patrons to leave." (*Id.* at ¶ 27.)
- That "Defendant Koonce made physical contact with Plaintiff Dennis Blankinship as he stood at or near the exit door to the Boomerang Bar." (*Id.* at ¶ 28.)
- That the "physical contact" by Defendant Koonce caused Blankinship "to be propelled out of the doorway and down the concrete stairs located near the entrance/exit to the tavern striking his head on a metal guardrail." (*Id.* at ¶ 29.)
- That as a result of the assault and/or battery, Defendant Maurice Blankinship was "rendered unconscious and sustained serious injuries to the brain." (*Id.*)
- That prior to the February 23, 2012 incident, "Defendant Voss Enterprises had information regarding previous disturbances, incidents and disruptive

3

   activities, some of them involving Defendant Koonce, which had taken place

   on or near the premises." (*Id.* at ¶ 19.)

- That "employees, agents and/or representatives of Voss Enterprises had

   knowledge of Defendant Koonce's prior behavioral history." (*Id.* at ¶ 24.)

- That "Voss and Voss Enterprises had notice, knowledge and warning that the

   conduct of Defendant Koonce was likely to cause harm to others in sufficient

   time to have removed, corrected or adequately warned persons who could

   have suffered injury." (*Id.* at ¶ 39.)

- That "Voss and Voss Enterprises, through its managers, employees and

   agents, and/or representatives, had knowledge of Defendant Koonce's history

   of disruptive, undesirable, inappropriate and violent behavior resulting the

   creation of a dangerous condition on the premises." (*Id.* at ¶ 47.)

Voss Enterprises, Inc. and Roy Urban Voss ("the Voss Defendants") failed to file an answer or other response to Plaintiff's complaint and, as a result, the Clerk of this Court entered default against them.

### 2. **The Insurance Policy**

At the time of the physical assault, Plaintiff insured the Voss Defendants under a commercial lines insurance policy, no. NN 214714, effective February 23, 2012 at 12:01 a.m. to November 15, 2012 ("the Policy".) (Doc. # 1-1.)  Subject to certain terms, limitations and conditions, the Policy provided, *inter alia*, liquor-specific liability coverage as well as commercial general liability coverage. (*Id.*)  As pertinent here, the insuring

agreement under the commercial general liability coverage portion of the Policy provides:

> *SECTION I – COVERAGES*
>
> *COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY*
>
> *1. Insuring Agreement*
>
> > *a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. . .*
> >
> > *b. This insurance applies to "bodily injury" and "property damage" only if:*
> >
> > > *i. The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";*
> > >
> > > *ii. The "bodily injury" or "property damage" occurs during the policy period; and*
> > >
> > > *iii. Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.*

(Doc. # 1-1 at 10.) The Policy defines "bodily injury" and "occurrence" as follows:

> *3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.*
>
> * * *

> 13. *"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.*

(*Id.* at 21, 23.) The Policy contains a liquor liability provision providing as follows:

> ***SECTION I – LIQUOR LIABILITY COVERAGE***
>
> *1. Insuring Agreement*
>
> > *a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "injury" to which this insurance applies if liability for such "injury" is imposed on the insured by reason of the selling, serving or furnishing of any alcoholic beverage. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "injury" to which this insurance does not apply. We may, at our discretion, investigate any "injury" and settle any claim or "suit" that may result. But:*
> >
> > > *1. The amount we will pay for damages is limited as described in Section III – Limits of Insurance; and*
> > >
> > > *2. Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements.*
> >
> > *No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments.*
> >
> > *b. This insurance applies to "injury" only if:*
> >
> > > *1. The "injury" occurs during the policy period in the "coverage territory", and*
> > >
> > > *2. Prior to the policy period, no insured listed under paragraph 1. Of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "injury" or claim, knew that the "injury" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, and that the "injury" occurred, then any continuation, change or resumption of such "injury" during or after the policy*

6

> *period will be deemed to have been known prior to the policy period.*

(*Id.* at 49.)

Additionally, the Policy contains certain exclusions that apply to the commercial general liability coverage, including the following:

> ***SECTION-COVERAGES***
> ***COVERAGE***
>
> ***A BODILY INJURY AND PROPERTY DAMAGE LIABLITY***
>
> ****\****
>
> ***2. Exclusions:***
>
> *This insurance does not apply to:*
>
> > ***a. Expected Or Intended Injury***
> >
> > *"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.*

(*Id.* at 11.)

The Policy also contains an "All Assault or Battery Exclusion" applicable to the commercial general liability coverage afforded under the Policy, which is set forth in "Endorsement no. L210 (06/06)" and provides as follows:

> ***THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY***
> ***EXCLUSION – ALL ASSAULT OR BATTERY***
>
> *This endorsement modifies insurance provided under the following:*
> *COMMERCIAL GENERAL LIABILITY COVERAGE PART*
>
> > *A. The following exclusion is added to Paragraph 2., Exclusions of Section I – Coverage A – Bodily Injury And Property Damage Liability, Coverage B – Personal and Advertising Injury Liability, and Coverage C – Medical Payments:*

> *This insurance does not apply to "bodily injury", "property damage", "personal and advertising injury" or medical payments arising out of any:*
>
> 1. *Actual or alleged assault or battery, regardless of culpability or intent;*
> 2. *Physical altercation; or*
> 3. *Any act or omission in connection with the prevention or suppression of such acts, including the alleged failure to provide adequate security.*
>
> *This exclusion applies regardless of whether such actual or alleged damages are caused by any:*
>
> 1. *Insured;*
> 2. *"Employee";*
> 3. *Patron; or*
> 4. *Any other person; and*
>    *Whether or not such damages occurred at any premises owned or occupied by any insured.*
>
> *This exclusion applies to:*
>
> 1. *All causes of action arising out of any assault or battery regardless of culpability or intent, or out of a physical altercation including, but not limited to, allegations of negligent hiring, placement, training, or supervision, or to any act, error, or omission relating to such an assault or battery or physical altercation.*
>
> 2. *Any claims or "suits" brought by any other person, firm or organization asserting rights derived from, contingent upon, or arising out of an assault or battery, or a physical altercation; and specifically excludes from coverage claims or "suits" for:*
>
>    a. *Emotional distress for loss of society, services, consortium or income; or*
>    b. *Reimbursement for expenses including, but not limited to, medical expenses, hospital expenses, or wages, paid or incurred, by such other person, firm or organization; or*
>
> 3. *Any obligation to share damages with or repay someone who must pay damages because of the injury.*
>
> B. *We will have no duty to defend or indemnify any insured in any action or proceeding alleging damages arising out of any assault or battery or physical altercation.*

*All other terms and conditions of this policy remain unchanged.*

(*Id.* at 47.)    The Policy also contains a "Total Liquor Liability Exclusion" applicable to the commercial general liability coverage afforded under the Policy, which is set forth in "Endorsement no. S009 (02/95)" and provides as follows:

***THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY***
***EXCLUSION – TOTAL LIQUOR LIABILITY***

*This endorsement modifies insurance provided under the following*
*COMMERCIAL GENERAL LIABILITYCOVERAGE PART*

*Exclusion c. under Paragraph 2., Exclusions of COVERAGE A. Bodily Injury and Property Damage (Section I – Coverages) is replaced by the following:*

*c.      Liquor Liability*

*"Bodily Injury" or "property damage" for which any insured or his indemnitee may be held liable by reason of:*

*1. Causing or contributing to the intoxication of any person;*
*2. The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or*
*3. Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.*

*All other Terms and Conditions of this Policy remain unchanged.*

(*Id.* at 48.)

Lastly, the Policy contains an "All Assault or Battery Exclusion" applicable to the liquor liability coverage afforded under the Policy, which is set forth in Endorsement no. L212 (02/08) and provides:

***THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY***
***EXCLUSION – ALL ASSAULT OR BATTERY***

*This endorsement modifies insurance provided under the following:*

*LIQUOR LIABILITY COVERAGE PART*

9

A. *The following exclusion is added to Paragraph 2.* **Exclusions of Section I –** ***Liquor Liability Coverage****:*

*Regardless of culpability or intent of any person, this insurance does not apply to "injury" arising out of any:*

1. *Actual or alleged assault or battery;*
2. *Physical altercation; or*
3. *Any act or omission in connection with the prevention or suppression of such acts, including the alleged failure to provide adequate security.*

*This exclusion applies regardless of whether such actual or alleged damages are caused by any:*

1. *Insured;*
2. *"Employee";*
3. *Patron; or*
4. *Any other person; and*

*whether or not such damages occurred at any premises owned or occupied by any insured.*

*This exclusion applies to:*

1. *All causes of action arising out of any assault or battery, or out of a physical altercation including, but not limited to, allegations of negligent hiring, placement, training, or supervision, or to any act, error, or omission relating to such an assault or battery or physical altercation.*

2. *Any claims or "suits" brought by any other person, firm or organization asserting rights derived from, contingent upon, or arising out of an assault or battery, or a physical altercation; and specifically excludes from coverage claims or "suits" for:*

    a. *Emotional distress for loss of society, services, consortium or income; or;*
    b. *Reimbursement for expenses including, but not limited to, medical expenses, hospital expenses, or wages, paid or incurred, by such other person, firm or organization; or*

3. *Any obligation to share damages with or repay someone who must pay damages because of the injury.*

*B. We will have no duty to defend or indemnify any insured in any action or proceeding alleging damages arising out of any assault or battery or physical altercation.*

*All other terms and conditions of this policy remain unchanged.*

(*Id.* at 57.)

## II. <u>LEGAL STANDARD</u>

Once default judgment is requested, the Court must determine whether the unchallenged facts alleged create a legitimate basis for the entry of a judgment. *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010). In determining whether judgment should enter, the Court treats the well-pleaded facts in a complaint as true. *Id.* (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).

In defaulting, a defendant effectively admits the well-pleaded allegations of fact contained in the complaint. *Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003). However, a default is not treated as a confession of liability, and, by failing to respond, a defendant does not concede the plaintiff's legal conclusions. *Bixler*, 596 F.3d at 762. Thus, the Court must determine whether the allegations contained in the Complaint are sufficient to state a claim for relief. To state a claim for relief, the complaint must contain sufficient factual matter, accepted as true, to show that the claim is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to reasonably infer that the defendant is liable for the

alleged conduct.  *Id.*  A pleading that offers mere legal conclusions, or a recitation of the elements of a cause of action, is insufficient.  *Id.*

### III.  ANALYSIS

Under Colorado law, an insurance policy is merely a contract that courts should interpret in line with well-settled principles of contract interpretation.  *Cyprus Amax Minerals Co. v. Lexington Ins. Co.*, 74 P.3d 294, 299 (Colo. 2003).  The interpretation of a contract, including a contract for insurance, is a matter of law.  *Union Ins. Co. v. Houtz*, 883 P.2d 1057 (Colo. 1994).

In undertaking the interpretation of an insurance contract, the Colorado Supreme Court has warned that courts should be wary of rewriting provisions, and should give the words contained in the contract their plain and ordinary meaning, unless contrary intent is evidenced in the policy.  *Compass Ins. Co. v. City of Littleton*, 984 P.2d 606, 614 (Colo. 1999).   Additionally, courts may neither add provisions to extend coverage beyond that contracted for, nor delete them to limit coverage, though they do construe ambiguous provisions against the insurer and in favor of providing coverage to the insured.  *Cyprus Amax Minerals Co.*, 74 P.3d at 299.  An insurer has the burden of demonstrating that a policy exclusion applies in the particular circumstances at issue and that the exclusion is not susceptible of any other reasonable interpretation.  *Compass Ins. Co. v. City of Littleton*, 984 P.2d 606, 614 (Colo. 1999).

Here, Plaintiff has met its burden to show that both of the "All Assault of Battery" exclusions set forth in the commercial general liability coverage portion of the Policy and in the liquor liability coverage portion of the Policy preclude coverage for the February

23, 2012 assault and/or battery of Defendant Maurice Blankinship by Michael Lee Koonce, Jr.  These exclusions explicitly provide that the Policy does provide coverage for any "injury" resulting both from actual or alleged assault or battery, physical altercation, or any act or omission in connection with the prevention or suppression of actual or alleged assault or battery.  The well-pleaded facts set forth in Plaintiff's Complaint show that Defendant Maurice Blankinship sustained a brain injury after being actually assaulted by Koonce – indeed, this altercation resulted in a criminal conviction of Koonce.  Additionally, although the Blankinships alleged in the Underlying Litigation that Voss and Voss Enterprises could have prevented the assault, the exclusions specifically preclude coverage for "[a]ny act or omission in connection with the prevention or suppression of such acts, including the alleged failure to provide adequate security."

Because these exclusions are not ambiguous, and because the well-pleaded facts indicate that the exclusions plainly apply to the circumstances of this case, Plaintiff was not obligated to defend or indemnify the Voss Defendants under the Policy.  *See Globe Indem. Co. v. Travelers Indem. Co. of Illinois*, 98 P.3d 971, 977 (Colo. App. 2004) ("Where there is no factual or legal basis for which the insurer might eventually be held liable to indemnify the insured, the insurer does not have a duty to defend."); *Cyprus Amax Minerals Co. v. Lexington Ins. Co.*, 74 P.3d 294, 300 (Colo. 2003) (quoting *Compass Insurance Co. v. City of Littleton*, 984 P.2d 606, 609 (Colo.1999)) ("[O]nce an insurer has prevailed on the duty to defend, the issue of the duty to indemnity is ripe for

resolution because '[w]here there is no duty to defend, it follows that there can be no duty to indemnify.'")

## IV. CONCLUSION

Accordingly, it is ORDERED that judgment is entered in favor of Plaintiff Nautilus Insurance Company and against Defendants Voss Enterprises, Inc. and Roy Urban Voss.  Additionally, it is

FURTHER ORDERED that Plaintiff is not obligated to defend or indemnify Voss Enterprises, Inc. or Roy Urban Voss under the commercial lines insurance policy, no. NN214714, in connection with the lawsuit filed by the Blankinship Defendants against Voss Enterprises, Inc., Roy Urban Voss and Michael Lee Koonce, Jr., styled *Maurice Blankinship and Angela Blankinship v. Voss Enterprises, Inc., d/b/a The Boomerang Bar, Michael Lee Koonce, Jr., and Roy Urban Voss*, case no.12CV235, District Court, Fremont County, State of Colorado ("Underlying Litigation").  Additionally, it is

FURTHER ORDERED that Doc. # 20 (Plaintiff's Motion for Summary Judgment) is DENIED AS MOOT.

DATED: March 2, 2015

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge